RENDERED:  MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0533-MR

JEFFREY A. STREEVAL                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 16-CI-002639


ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Jeffrey A. Streeval appeals from an order granting

summary judgment in favor of Allstate Property & Casualty Insurance Company.

Appellant argues that he is entitled to insurance benefits, contrary to the conclusion

of the trial court.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On May 17, 2015, Appellant was involved in a motor vehicle collision. Appellant was not at fault. Appellant suffered some injuries and was treated by a chiropractor. Appellant was diagnosed with lumbar and thoracic sprains and strains. Appellant sought basic reparations benefits from his auto insurer, Allstate. All of Appellant's medical bills were submitted to Allstate for payment. Appellant did not personally pay any of the bills.

Allstate did not pay any of the bills submitted to it, believing some of the treatment was unnecessary. On June 7, 2016, Allstate filed a petition in the Jefferson Circuit Court requesting that Appellant submit to an examination under oath. Allstate claimed that Appellant did not report any injuries at the scene of the accident and did not discuss any injuries with Allstate when it interviewed him shortly after the accident. The petition was granted and Appellant testified under oath in September of 2016. The day after the examination under oath, Appellant filed a counterclaim against Allstate. Appellant alleged that Allstate improperly refused to pay the medical bills and that he was entitled to the bills being paid, interest on the amounts owed, and attorney fees.

The case then underwent intense and lengthy litigation. On September 19, 2019, Allstate filed a notice with the court that the chiropractor had waived all amounts owed. In other words, the chiropractor had written off

-2-

Appellant's medical bills and Appellant owed nothing more. On January 22, 2020, Allstate then moved for summary judgment. Allstate argued that since Appellant no longer owed any amount in medical bills, Appellant was not entitled to basic reparations benefits, interest, or attorney fees. The trial court agreed and granted summary judgment in favor of Allstate. This appeal followed.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in granting summary judgment because there are still genuine issues of material fact. Appellant also argues that the trial court erred in concluding that he was not entitled to benefits, interest, and attorney fees because his medical provider waived the amounts owed.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

We believe that the trial court did not err in granting summary judgment in favor of Allstate. Appellant argues that he is entitled to basic reparations benefits, interest, and attorney fees even though his medical provider waived all bills and Appellant expended none of his own money on medical care. We disagree with Appellant's argument.

> "Basic reparation benefits" mean benefits providing reimbursement for net loss suffered through injury arising out of the operation, maintenance, or use of a motor vehicle, subject, where applicable, to the limits, deductibles, exclusions, disqualifications, and other conditions provided in this subtitle. The maximum amount of basic reparation benefits payable for all economic loss resulting from injury to any one (1) person as the result of one (1) accident shall be ten thousand dollars ($10,000), regardless of the number of persons entitled to such benefits or the number of providers of security obligated to pay such benefits. Basic reparation benefits consist of one (1) or more of the elements defined as "loss."

Kentucky Revised Statute (KRS) 304.39-020(2).

> (5) "Loss" means accrued economic loss consisting only of medical expense, work loss, replacement services loss, and, if injury causes death, survivor's economic loss and survivor's replacement services loss. Noneconomic detriment is not loss. However, economic loss is loss although caused by pain and suffering or physical impairment.
>
> > (a) "Medical expense" means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, licensed ambulance services,

-4-

and other remedial treatment and care. . . .
Medical expense shall include all healing arts
professions licensed by the Commonwealth of
Kentucky. There shall be a presumption that any
medical bill submitted is reasonable.

KRS 304.39-020(5).

We believe the case of *Medlin v. Progressive Direct Insurance Company*, 419 S.W.3d 60 (Ky. App. 2013), is directly on point. In that case, another panel of this Court held that basic reparations benefits "are *reimbursement* for losses suffered due to an automobile accident. Losses are defined by statute as 'accrued economic loss.'" *Id.* at 63 (emphasis in original). The Court in *Medlin*, in interpreting KRS 304.39-020, held that an insurer is to either pay a medical provider directly or to reimburse an insured for medical expenses he or she has expended. *Id.*

In the case at hand, Appellant's medical provider has waived all past amounts owed. Additionally, Appellant has not accrued any economic loss because he did not personally pay any medical bills. Without an economic loss, Appellant is not entitled to basic reparations benefits. *Medlin* is determinative of this issue.

As for the issue of interest, KRS 304.39-210(2) states that "[o]verdue payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen

percent (18%) per annum." Appellant argues that the delay in getting his benefits was unreasonable; therefore, he is entitled to 18% interest. The trial court held that because he was not entitled to benefits, he was also not entitled to interest. We agree. If there is no amount owed to Appellant, there can be no interest. This is true even if the delay in making payments was unreasonable.

Finally, as to attorney fees, KRS 304.39-220(1) states:

> If overdue benefits are recovered in an action against the reparation obligor or paid by the reparation obligor after receipt of notice of the attorney's representation, a reasonable attorney's fee for advising and representing a claimant on a claim or in an action for basic or added reparation benefits may be awarded by the court if the denial or delay was without reasonable foundation.

As with the interest issue, we conclude that Appellant is not entitled to attorney fees. KRS 304.39-220(1) states that attorney fees are available if benefits are recovered from an insurance company. Here, no benefits were recovered from Allstate because Appellant's medical provider waived all amounts owed. Even if the delay in paying Appellant's medical bills was unreasonable, Appellant is still not entitled to attorney fees because neither he nor his medical provider recovered benefits from this action.

## <u>CONCLUSION</u>

Based on the above discussed statutes, Appellant was not entitled to benefits because he suffered no economic loss. In addition, he is not entitled to

interest and attorney fees because he recovered no benefits. There are no set of facts which would allow Appellant to recover benefits in this case and Allstate was entitled to summary judgment as a matter of law. We affirm the judgment of the trial court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael A. Landisman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Eric S. Rice
Daniel S. Gumm
R. Christian Garrison
Louisville, Kentucky